QUESTIONS SUBMITTED BY THE HOUSE OF REPRESENTATIVES, MARCH 25, 1903, WITH ANSWERS OF THE JUSTICES OF THE SUPREME JUDICIAL COURT THEREON.

In levying a State tax, the Legislature is prohibited by the Constitution, Section 8, Art. IX, from fixing a higher rate of taxation upon lands outside of corporated cities, towns and plantations than the rate upon lands within such municipalities.

### STATE OF MAINE.

In House of Representatives, March 25, 1903.

*Ordered*, That the Justices of the Supreme Judicial Court are hereby respectfully requested to give to this House, according to the provisions of the Constitution in this behalf, their opinion on the following questions:

Question One: Assuming that the rate of State tax in cities, towns and plantations is fixed at two and three-fourth mills on the dollar of their valuation, would the bill entitled "An Act relating to taxation of land in unincorporated places," now pending in this House,

and a true copy of which said bill is hereunto annexed, if the same should become a law, be in violation of the provisions of section eight of article nine of the Constitution of the State?

Question Two: Assuming as above, would said bill, if the same should become a law, be in violation of any of the provisions of the Constitution of the State?

House of Representatives, Mar. 27, 1903.

Read and passed.

W. S. COTTON,. Clerk.

STATE OF. MAINE.

In the year of our Lord one thousand nine hundred and three.

AN ACT relating to taxation of land in unincorporated places.

*Be it enacted by the Senate and House of Representatives in Legislature as follows:*

Section 1.    Section sixty-nine of chapter six of the Revised Statutes is hereby amended by striking out all of said section and by substitution make said section, as amended, read as follows:

"Section 69.    The board of State assessors shall annually assess a tax upon all lands situated in this State in places not incorporated as a town or plantation, and not paying a municipal tax, at the rate of fifteen mills on the dollar upon the valuation as made by said assessors for the year the assessment is made: and said assessment shall be made and deposited with the treasurer of state on or before the first day of August in each year."

Section 2.    Section seventy-one of said chapter six of the Revised Statutes is hereby amended so as to read as follows:

"Section 71.    When the board of state assessors has assessed such state tax and has deposited the assessment with the treasurer of state, the treasurer of state shall within three months thereafter, cause the list of such assessments, with the lists of any county tax so certified to him, both for the current year, to be advertised for three weeks successively in the state paper and in some newspaper, if any, printed in the county in which the land lies.    Said lands are

held to the state for the payment of such state and county taxes, with interest thereon at the rate of twenty per cent to commence upon taxes for the year in which said assessment is made, at the expiration of one year."

Section 3. This Act shall take effect when approved.

---

To the House of Representatives:

The undersigned Justices of the Supreme Judicial Court have considered the question submitted to them by the House of Representative in its order of March 25, 1903, and above set forth and give their opinion as follows:

Inasmuch as the State tax imposed upon cities, towns and plantations is necessarily imposed upon the lands as well as upon the personal estate therein, the question may be correctly stated as follows: In levying a State tax, is the Legislature prohibited by the Constitution from fixing a higher rate of taxation upon lands outside of incorporated cities, towns and plantations than the rate upon lands within such municipalities? We think the Legislature is so prohibited by Sec. 8 of Art. IX which is as follows: "All taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof."

This command of the Constitution is absolute and comprehensive. No exception is allowed for the locality of the land whether within or without any particular subdivisions of the State's territory. The Legislature can no more discriminate in the rate of taxation between incorporated and unincorporated territory, than it can between different sections of incorporated territory. The apportionment and assessment each must be equal throughout the whole State. The criterion established, and hence the only criterion to be applied, is the "just value" of the land wherever situated. The only permissible variation of the amount of the tax is that resulting from the difference in value. The rate must be the same everywhere. Locality can be considered only so far as it affects value.

Judicial authority for this interpretation of the Constitution is not wanting. The Constitution of Massachusetts provided that taxes should be levied proportionately upon all "estates lying within the

Commonwealth." A statute imposed a tax upon corporation dividends due non-residents but not on those due residents. The statute was held to be in conflict with the Constitution. *Oliver* v. *Washington Mills Co.*, 11 Allen, 268. The Constitution of Michigan commanded the legislature to "provide a uniform rule of taxation." The Supreme Court of the United States in considering this provision said: "All kinds of property must be taxed uniformly, or be entirely exempt. The uniformity must be coextensive with the territory to which the tax applies. If a state tax, it must be uniform throughout the State. If a County or City tax it must be uniform throughout such County or City." *Pine Grove Township* v. *Talcott*, 19 Wall. 666, 675. The Constitution of Wisconsin contained this clause: "The rule of taxation shall be uniform." A statute authorized a city to tax lands within the city limits, laid out into city lots, at different rates from those not so laid out. Held unconstitutional. *Knowlton* v. *Supervisors of Rock County*, 9 Wis. 410. The Constitution of Ohio commanded the legislature to pass "laws taxing by a uniform rule . . . . all real and personal property according to its true value in money." The Supreme Court of Ohio said of this clause: "The general assembly is no longer invested with the discretion to apportion the tax and to determine upon what property and in what proportion the burden shall be laid. A uniform rate per cent must be levied upon all property subject to taxation according to its true valuation in money, so that all may bear an equal burden." *Zanesville* v. *Richards*, 5 Ohio St. 589. In New York was a statute authorizing a tax payer to deduct his debts from the valuation of his personal property except that of his shares in National Banks. This was held to be in conflict with the United States statute requiring such shares to be taxed equally with other monied capital. *People* v. *Weaver*, 100 U. S. 539. The Constitution of Oregon commanded the legislature to "provide by law for a uniform and equal rate of assessment and taxation" and to "prescribe such regulations as shall secure a just valuation for taxation of all property both real and personal." A statute levied a tax of $1.25 on each bicycle without regard to value. Held unconstitutional. *Ellis* v. *Frazier*, 38 Oregon, 462, 53 L. R. A. 454.

It follows that the proposed legislation would be contrary to the Constitution.

Although these questions submitted by the House of Representatives were not received by the Justices until after the adjournment of the regular session of the Legislature, the question discussed in the answers of the Justices, 95 Maine, 564, as to the propriety and duty of answering questions propounded under somewhat similiar circumstances does not here arise, because of the fact that the present Legislature is to reconvene in September of this year, when it may consider the subject matter of the questions.

Portland, July 1, 1903.

ANDREW P. WISWELL.
LUCILIUS A. EMERY.
WM. P. WHITEHOUSE.
SEWALL C. STROUT.
ALBERT R. SAVAGE.
FREDERICK A. POWERS.
HENRY C. PEABODY.
ALBERT M. SPEAR.