MAINE CONSOLIDATED POWER COMPA-
NY, a Maine Corporation with its princi-
pal place of business in Farmington, Coun-
ty of Franklin, State of Maine, Plaintiff,

v.

The INHABITANTS OF the TOWN OF
FARMINGTON and Raymond J. Magno,
Sr., Milford E. Beal, B. A. Etzel, John R.
Pillsbury and Linwood J. York, as the As-
sessors for the Town of Farmington, De-
fendants.

Supreme Judicial Court of Maine.

May 18, 1966.

Skelton, Taintor & Abbott, by Frederick
G. Taintor, Lewiston, for plaintiff.

Peter Mills, Farmington, for defendants.

Before WILLIAMSON, C. J., and WEB-
BER, TAPLEY, SULLIVAN and MAR-
DEN, JJ.

RESCRIPT

TAPLEY, Justice.

On report. Case is submitted upon complaint (less Exhibit A attached thereto), answer and agreed statement of facts.

This case is an appeal from the decision of the Assessors of the Town of Farmington denying a petition for abatement of 1964 taxes assessed against Maine Consolidated Power Company, a public utility. The pertinent portion of the agreed statement states:

"The plaintiff-appellant contends that the valuation of its property for the purpose of municipal taxation is limited to the cost of the property when first devoted to public use, less depreciation thereon, the question of 'prudent acquisition cost' not being involved insofar as its properties in Farmington are concerned.

"The Town and its Assessors contend that other factors, such as replacement cost, may be considered in reaching the valuation for the purpose of municipal taxation.

"At pre-trial it was established that the plaintiff-appellant's proposed exhibits and testimony would be limited to the single aspect of valuation indicated above.

"If it should be determined that factors other than the cost of property when first devoted to public use, less depreciation, may be considered, the appeal should be dismissed. If the plaintiff-appellant's contention should be sustained, the parties are prepared to agree upon the dollar amount of the cost of the property when first devoted to public use, less depreciation."

The plaintiff-appellant (hereinafter referred to as Company) contends that tax value is determined for property of a public utility by the "original costs, less depreciation" formula as a result of the 1957 Amendment to R.S.1954, Chap. 44, Sec. 18 (35 M.R.S.A. Sec. 52).

The 1957 Amendment struck from Sec. 18 the words, "current value thereof" and added thereto the words, "but such other factors shall not include current value," so that Sec. 18, after the Amendment, reads in part:

"* * * In fixing such reasonable value, the Commission shall give due consideration to evidence of the cost of the property when first devoted to public use, prudent acquisition cost to the utility, less depreciation on each, and any other factors or evidence material and relevant thereto *but such other factors shall not include current value.* In making such valuation, the Commission may avail itself of any reports, records or other information available to it in the office of any state officer or board."

The question of "prudent acquisition cost" is not involved insofar as the Company's properties in Farmington are concerned.

The Company further says that the result of applying the 1957 Amendment artificially creates a "market value" for utility properties; that it establishes a measure of capacity of the property to earn money for its owner.

"All taxes upon real and personal estate, assessed by authority of this state, shall be apportioned and assessed equally, according to the just value thereof; * * *." Article IX, Sec. 8, Constitution of the State of Maine.

"The burden is on the petitioner to show that the valuation is unjust, not on the assessors to establish that their figures are correct. The presumption is that the assessment is valid." Sweet v. City of Auburn, 134 Me. 28, 32, 33, 180 A. 803, 805, 104 A.L.R. 784.

■ The idea of taxation implies an equal apportionment and assessment upon all property according to its just value.

Brewer Brick Company v. Inhabitants of Brewer, 62 Me. 62.

"The apportionment and assessment each must be equal throughout the whole state. The criterion established, and hence the only criterion to be applied, is the 'just value' of the land wherever situated. The only permissible variation of the amount of the tax is that resulting from the difference in value." Opinion of the Justices, 97 Me. 595, 597, 55 A. 827.

In 1953 this Court, in New England Tel. & Tel. Co. v. Public Utilities Commission, 148 Me. 374, on page 388, 94 A.2d 801, on page 808, in interpreting the then existing rate fixing statute (R.S.1944, Chap. 40, Sec. 17) said in part:

"The evidence of reproduction cost less depreciation is one of the major factors which must be considered by the commission reaching its conclusion."

In the case of Central Maine Power Co. v. Public Utilities Commission, 150 Me. 257, 109 A.2d 512 (1954) this Court found that the Amendment of 1953 made no change in the substantive law but was only an attempt at clarification of procedural requirements for the determination of current value. This case, on pages 261, 262, 109 A.2d on page 514, states:

"The first task of the Commission in any rate case is to determine a rate base, that is to say, *the fair value for rate making purposes* upon which the Company is entitled to earn a fair rate of return. *This fair value is quite distinguishable from a fair value as a basis of purchase.* It is in effect a composite ascertained and fixed by giving 'due consideration to evidence' of certain factors." (emphasis supplied).

"Since 1957 current value consideration estimated by many to be impracticable as a factor has been deleted by the Legislature. P.L.1957, c. 400, § 2." Central Maine Power Co. v. Public Utilities Com-

mission, et al., 156 Me. 295, 315, 163 A.2d 762, 774.

By consent of the parties the Court is presented with a very simple issue. Are the assessors confined to basing their assessment on the cost of the property first devoted to public use less depreciation without consideration of any other factors?

The assessors are charged by statute with ascertaining the nature, amount and value of real and personal property subject to tax.

"The assessors shall ascertain as nearly as may be the nature, amount and value as of the first day of each April of the real estate and personal property subject to be taxed, and shall estimate and record separately the land value, exclusive of buildings, of each parcel of real estate." 36 M.R.S.A. Sec. 708.

Counsel for the Company in argument urges that the 1957 Amendment provided two measures: (1) it established a measure of market value of utility property; (2) it established a measure of the capacity of the property to earn money for its owner. In effect, counsel is proposing that the 1957 Amendment, when applied, results in a satisfaction of the constitutional requirements of assessment according to "just value."

"Consideration may be given to the original cost of construction less depreciation, although perhaps this is less important than other things, to reproduction cost with an allowance for depreciation, to the purchase price, if not sold under stress or unusual conditions, to its capacity to earn money for its owner. No one of these elements is controlling, but each has its place in estimating value for purposes of taxation." Sweet v. City of Auburn, supra, 134 Me. at page 32, 180 A. at pages 804, 805.

"True and exact 'market' or 'just' values cannot be certain or made certain. It

is a matter of judgment. It is the judgment of the assessors when considering valuation for tax purposes." Sears, Roebuck & Company v. Inhabitants of City of Presque Isle, et al., 150 Me. 181, 188, 107 A.2d 475, 479.

"The different bases of valuation for the purposes of taxation and for rate-making purposes have been uniformly recognized, not only by our own court, but by the appellate courts of other states as well." Northwest Light & Water Co. v. Alexander, et al., 29 Idaho 557, 160 P. 1106, 1110.

See 84 C.J.S. Taxation § 444, p. 866.

■ The just value of a utility for tax purposes must be ascertained from a consideration of all the factors. Assessors of Quincy v. Boston Consol. Gas Co., 309 Mass. 60, 34 N.E.2d 623.

■ The value of a utility for tax purposes and its value for rate-making purposes are not the same. Public Service Company v. New Hampton, 101 N.H. 142, 136 A.2d 591. Public Service Company v. State, 101 N.H. 154, 136 A.2d 600.

"The determination of the Public Service Commission is not binding upon the respondents (the assessors). The latter have been directed by statute to perform a certain duty. Merely adopting the commission's evaluation would be a neglect to that duty." Brooklyn Union Gas Co. v. Chambers, 7 Misc.2d 601, 164 N.Y. S.2d 768, 771.

■ The Constitution of Maine requires of the assessors that they shall apportion and assess equally all taxes according to the just value of the real and personal estate. They are accountable to no one as long as they perform their duties in accordance with constitutional mandate and statutory direction. As this court, in referring to the legal responsibilities of assessors, said in Sears, Roebuck v. Inhabitants of City of Presque Isle, et al., supra, 150 Me. at page 189, 107 A.2d at page 479:

"It is their opinion and their judgment that controls, unless so unreasonable in the light of the circumstances that the property is substantially overvalued and an injustice results, or that there is an unjust discrimination, or that the assessment was in some way fraudulent, dishonest or illegal."

■ In the instant case counsel for the plaintiff argues to the effect that since the 1957 Amendment of the rate making statute, the only factor that the assessors can consider with respect to utility property in Maine in arriving at just value, is its earning capacity. This contention is not sound. There are numerous factors to be considered by the assessors insofar as utility property is concerned, one of which, of course, is earning capacity but there are other relevant considerations to be weighed in arriving at just value. Should plaintiff's contention prevail and the assessors be compelled to consider only value determined by a statute obviously enacted for the purpose of rate fixing without consideration of other relevant factors, the practical effect would be to lodge in the Public Utilities Commission powers and responsibilities which are constitutionally and statutorily vested in assessors.

■ Under the circumstances of the instant case the assessors in determining just value must consider all relevant factors including but by no means limited to the cost of property when first devoted to public use, less depreciation.

The entry below will be,

Appeal dismissed.

SULLIVAN, J., sat at argument but retired before the opinion was adopted.

RUDMAN, J., did not sit.