Albert E. ANNABLE

v.

BOARD OF ENVIRONMENTAL
PROTECTION.

Supreme Judicial Court of Maine.

Argued March 13, 1986.

Decided April 7, 1986.

Snyder & Jumper, Ervin D. Snyder, (orally), Wiscasset, for plaintiff.

Phyllis Gardiner, (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

This appeal presents the novel issue of whether a property owner who disagrees with an agency's staff as to whether his property is subject to regulation by that agency is entitled to a declaration of his rights without petitioning the agency for a license.

The Plaintiff, Albert E. Annable, appeals from an order of the Superior Court, Kennebec County, granting the motion of Defendant, Board of Environmental Protection, to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6). He asserts that the Defendant Board was obliged to determine preliminarily whether his proposed subdivision in Boothbay was "grandfathered" [1]

---

1. "Grandfather clauses" operate to exempt from the requirements of a statute certain parties or

under the Site Location of Development Law, 38 M.R.S.A. §§ 481–90 (1978 & Pamph.1985–1986). He asserts in addition that the Superior Court erred in dismissing his petition for a declaratory judgment on the "grandfathering" issue.

We affirm the dismissal by the Superior Court of the Rule 80C proceedings but conclude that the complaint states an appropriate claim for declaratory relief. Accordingly, we vacate the judgment.

The complaint contains the following allegations, which we accept as true in reviewing the motion to dismiss. *Vahlsing Christina Corp. v. Stanley*, 487 A.2d 264, 267 (Me.1985). In 1962 the Plaintiff sought and received approval from the Boothbay town planning board for a subdivision plan, that included both a 12.5 acre tract as well as other land he owned in Boothbay. In 1978 and 1980 he conveyed by deed three lots aggregating a total of 7.5 acres. He submitted a revised subdivision plan to the planning board in 1980. The new plan, which was routinely approved, depicted 20 acres, including the 7.5 acres already conveyed to others. Subsequently, this litigation arose because a prospective buyer's title examiner could not determine with certainty whether the Plaintiff's subdivision was subject to our Site Location Law.[2] When the Plaintiff wrote the staff of the Department of Environmental Protection on May 2, 1985, asking for a determination whether his subdivision was "grandfathered" and thus exempt from the Law's requirements,[3] the staff responded that the subdivision was not "grandfathered" but was subject to the Law. Not satisfied with this exchange of letters, the Plaintiff in June petitioned both the Department's Bureau of Land Quality Control and the Board of Environmental Protection itself for a determination that his property was "grandfathered." Neither agency answered his petition. On July 23, 1985, he commenced this proceeding in Superior Court, seeking M.R.Civ.P. 80C review and asking for declaratory and other relief from the Board's failure or refusal to act on his petition.

We consider first the Plaintiff's contention that the Board had a legal obligation to consider his petition and make the formal "grandfathering" determination which he sought. The Maine Administrative Procedure Act affords a right to judicial review to those aggrieved by an agency's failure or refusal to act. 5 M.R.S.A. § 11001(2) (1979).[4] The Board's position is that it had no legal obligation to act on the Plaintiff's petition and that it could not make the section 488 determination absent a formal, statutorily-authorized proceeding.

■ Judicial review of agency inaction or

projects that, at the time the statute became effective, meet specific criteria. *Paul Kimball Hospital, Inc. v. Brick Township Hospital,* 86 N.J. 429, 432 A.2d 36, 41 (1981).

**2.** A subdivision is governed by the Site Location Law if the total land area exceeds 20 acres and the parcel is divided into five or more lots for sale or lease during any five-year period. 38 M.R.S.A. § 482(5) (Pamph.1985–1986).

**3.** The Site Location Law is inapplicable to subdivisions

in existence or in possession of applicable state or local licenses to operate or under construction on January 1, 1970, or to any development the construction and operation of which has been specifically authorized by the Legislature prior to May 9, 1970....
38 M.R.S.A. § 488 (Pamph.1985–1986).

**4.** Section 11001 provides in full:

1. Agency action. Except where a statute provides for direct review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy.
2. Failure or refusal of agency to act. Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain.

failure to act pursuant to Rule 80C[5] is, like its Rule 80B counterpart, available to the same extent that the writ of mandamus was available at common law. *Your Home, Inc. v. City of Portland,* 505 A.2d 488, 489 (Me.1986); *First Manufacturers National Bank v. Johnson,* 161 Me. 369, 375, 212 A.2d 840, 843 (1965). Mandamus was appropriate to compel an agency to take action that the agency was legally bound to take. *Young v. Johnson,* 161 Me. 64, 69–70, 207 A.2d 392 (1965). If this Board, a creature of the Legislature, exceeds its lawful authority, it acts without jurisdiction. *King Resources Co. v. Environmental Improvement Comm.,* 270 A.2d 863, 866 (Me.1970). The Site Location Law authorizes the Defendant Board, through the Attorney General, to enforce the law in court and to conduct licensing proceedings. 38 M.R.S.A. §§ 347, 483–84 (1978 & Pamph.1985–1986). There is no provision in the Site Location Law, however, obligating the Board to consider a petition similar to the one this Plaintiff brought before it.

The Plaintiff nonetheless argues that our decision in *State ex rel. Brennan v. R.D. Realty,* 349 A.2d 201 (Me.1975), is authority requiring the Board to entertain his petition, and in particular, he points to the following language:

> We decide that in all future cases, determination that a development is subject to regulation by the Environmental Improvement Commission [predecessor to the Board], or exempt therefrom by the "grandfather clause" (38 M.R.S.A. § 488), should be made preliminarily by the Commission itself.

*Id.* at 206. We are not persuaded by his argument. The Plaintiff has wrested this language out of its context, for in the portion of *R.D. Realty* upon which he relies, we were discussing the doctrine of primary jurisdiction. That doctrine, which in *R.D.*

*Realty* was not followed, during administrative proceedings requires that the agency first decide issues peculiarly within its expertise before a court may review the agency's action. *Id.; see Texas & Pac. R. Co. v. Abilene Cotton Oil Co.,* 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907) (establishing doctrine).

The basis of our decision in *R.D. Realty,* however, was much narrower than that for which the Plaintiff contends. There the Attorney General had sought to enjoin the developer from subdividing a tract of land, arguing that the developer had violated the Site Location Law. The Superior Court had decided as a matter of law that the division was exempt under section 488, and we affirmed. *R.D. Realty,* 349 A.2d at 205. The language the Plaintiff relies on is dictum and does not obligate the Board to act upon his petition. Furthermore, that language would not apply in this case because of the absence here of an administrative proceeding such as an enforcement action or a licensing action. The Superior Court was therefore correct in dismissing the Plaintiff's petition for review of agency inaction or failure to act.

We move on to the Plaintiff's second issue. He asserts that this is an appropriate case for declaratory relief. He argues that he is entitled to such relief because he and the Department have come to opposite conclusions concerning whether section 488 exempts his land from the Site Location Law.

Our Uniform Declaratory Judgments Act provides that "[a]ny person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." 14 M.R.S.A. § 5954 (Me.1980). Heretofore, we

---

5. M.R.Civ.P. 80C, the procedural vehicle bringing this case to us, was adapted wholly from Rule 80B, which formerly governed appeals from all agency inaction or refusal to act and no longer applies to agencies covered by the Administrative Procedures Act. M.R.Civ.P. 80B advisory committee's note to 1983 amend., Me. Rptr., 459–466 A.2d XLII; M.R.Civ.P. 80C advisory committee's note, *id.,* at XLVII.

have observed that, since the Act is remedial in nature, it should be construed liberally. *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me.1980).

Essential to the maintenance of a declaratory judgment action is the presence of a justiciable controversy, which we have defined as "a claim of right, buttressed by a sufficiently substantial interest to warrant judicial intervention." *Smith v. Allstate Insurance Co.*, 483 A.2d 344, 346 (Me.1984) (quoting *Berry v. Daigle*, 322 A.2d 320, 326 (Me.1974)). In other jurisdictions courts have found that a justiciable controversy exists to support a declaratory judgment action when there is disagreement over an official interpretation of a statute. *Santana v. Registrars of Voters of Worcester*, 384 Mass. 487, 425 N.E.2d 745, 749 (1981); *N.J. Assoc. for Retarded Citizen's Inc. v. N.J. Department of Human Services*, 89 N.J. 234, 445 A.2d 704, 708 (1982); *Brown v. Oregon State Bar*, 293 Or. 446, 648 P.2d 1289, 1293 (1982). The controversy, however, must involve presently existing and specific facts, as opposed to hypothetical or uncertain facts. *Assoc. for Retarded Citizens*, 445 A.2d at 708; *Brown*, 648 P.2d at 1293.

Notwithstanding the Board's contention that the staff's original opinion was a non-binding advisory opinion,[6] significantly the parties disagree on whether section 488 exempts the Plaintiff's subdivision. The facts are clear that the Plaintiff owns or has conveyed identified parcels of land. His interest in this action is substantial for two reasons. First, his ability to convey the remaining land has been directly affected by the uncertainty over whether the Site Location Law regulates the property. Second, even if he were able to sell the land, there would be a real possibility that he might not only be subject to either an enforcement action but that criminal or civil penalties for violating the law might be imposed as well. *See* 38 M.R.S.A. §§ 347, 349 (1978 & Supp.1985–1986). We conclude that a justiciable controversy indeed exists.

The Defendant Board urges, however, that declaratory relief is inappropriate here because the Plaintiff has failed to exhaust his administrative remedies. Specifically, the Defendant argues that the Plaintiff's only remedy is to initiate a licensing proceeding with the Board, which the Plaintiff has not done. *See, id.*, §§ 483, 484. In his text Professor Davis has succinctly observed, however, that "[e]xhaustion of administrative remedies before going to court is sometimes required and sometimes not." 4 K. Davis, *Administrative Law Treatise* § 26:1 (1983). Where the interpretation of a statute is at issue, we have in the past recognized that a plaintiff may maintain a declaratory judgment action even though an alternative remedy may be available to him. *Berry v. Daigle*, 322 A.2d at 325; *King Resources Co. v. Environmental Improvement Comm.*, 270 A.2d at 867–68. The exhaustion doctrine does not, therefore, automatically bar the Plaintiff from seeking declaratory relief.

One of the most important reasons for invoking the exhaustion doctrine is the courts' unwillingness to interrupt the administrative process until that process is complete. *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *Cushing v. Smith*, 457 A.2d 816, 821 (Me.1984). Thus in most cases exhaustion principles will bar direct judicial review of the merits of an agency's decision. *Town of Shapleigh v. Shikles*, 427 A.2d 460, 466 (Me.1981). Where, as here, the Plaintiff seeking declaratory relief is not appealing from an adverse administrative decision, the requirement of exhaustion of remedies is inappropriate. *Sierra Life Ins. Co. v. Granata*, 99 Idaho 624, 586 P.2d 1068, 1073 (1978); *see Rosado v. Wyman*, 397 U.S. 397, 406, 90 S.Ct. 1207, 1215, 25 L.Ed.2d 442 (1970); E. Borchard, *Declaratory Judgments* 878 (2d ed. 1941). If there is no judicial appeal from an administrative proceeding, the exhaustion doctrine would not fulfill its primary pur-

6. *See* 5 M.R.S.A. § 9001 (1979).

pose of staying the judicial hand until the administrative procedures are completed.

In the case before us, there has been no formal invocation of the licensing process, no enforcement action, and no appeal from an adverse agency decision. This Plaintiff seeks a declaration of his legal rights, which are directly affected by section 488. His construction of that statute is at odds with the Board's. Under the circumstances, the exhaustion doctrine is inappropriate.

We conclude that the Superior Court erred in dismissing the claim for declaratory relief as to whether the Plaintiff's subdivision was "grandfathered." Accordingly, we vacate the judgment so that the Superior Court may act upon that claim for declaratory relief.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.