1998 ME 94

## PASSAMAQUODDY WATER DISTRICT

v.

## CITY OF EASTPORT and Town of Perry.

Supreme Judicial Court of Maine.

Argued April 7, 1998.
Decided April 30, 1998.

---

George C. Schelling (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for plaintiff.

Rebecca S.K. Webber (orally), Curtis Webber, Linnell, Choate & Webber, L.L.P., Auburn, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] The Passamaquoddy Water District appeals from a summary judgment entered in the Superior Court (Washington County, *Alexander J.*) in favor of the City of Eastport and the Town of Perry. The Water District contends that it is entitled to the tax exemption set forth in 36 M.R.S.A. § 651(1)(E) (1990). We disagree and affirm the summary judgment.

I.

[¶ 2] The Eastport Water Company was a privately-owned water company that the Passamaquoddy Indian Tribe sought to purchase. The City of Eastport and the Town of Perry both opposed a legislative charter that would have rendered the property of the

proposed Passamaquoddy Water District tax-exempt. The Legislature enacted the Water District's charter as Chapter 25 of the Private and Special Laws of 1983. Pursuant to section 1 of its charter, the Water District is a nonprofit public municipal corporation, consisting of "the inhabitants and territory within the Passamaquoddy Indian Reservation," created to supply water to "the inhabitants of that district and of the City of Eastport and the Town of Perry and others...." Pursuant to section 15 of its charter, "[t]he property of the district shall not be exempt from all taxation in the City of Eastport and the Town of Perry or in any other city or town where any part of its plant may be located."

[¶ 3] The City of Eastport and the Town of Perry both impose a property tax on those items of the Water District's infrastructure that are located within their respective municipal limits. The Water District initiated this action pursuant to the Uniform Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), seeking a judgment declaring: that the municipal defendants' taxation of the Water District's infrastructure violates article IX, section 8 of the Maine Constitution; and that the Water District's charter does not permit the municipal defendants to tax the Water District's infrastructure. Both parties moved for a summary judgment.

[¶ 4] The Superior Court concluded that section 15 of the Water District's charter "creates an exception allowing taxation of properties that would otherwise be exempt pursuant to 36 M.R.S.A. § 651(1)(E)" and determined that the Water District lacked standing to raise a constitutional challenge to its charter. From this grant of a summary judgment to the municipal defendants, the Water District appeals.

## II.

[¶ 5] We reject the Water District's challenge to the court's determination that section 15 of the Water District's charter excepts it from the tax exemption to which it is otherwise entitled pursuant to 36 M.R.S.A. § 651(1)(E). Statutory interpretation is a question of law that we review de

novo. *See Estate of Spear*, 1997 ME 15, ¶ 6, 689 A.2d 590, 591. We accord the words of a statute "their plain ordinary meaning" and, if that meaning is clear, do not "look beyond the words, unless the result is illogical or absurd." *Id.* at ¶ 7, 689 A.2d at 591–92 (citations omitted). We adhere to the interpretive principle that "[n]othing in a statute may be treated as surplusage if a reasonable construction supplying meaning and force is otherwise possible." *Labbe v. Nissen Corp.*, 404 A.2d 564, 567 (Me.1979).

[¶ 6] The Legislature has exempted from taxation certain property owned by public water districts. Pursuant to Section 651(1) of Title 36:

The following public property is exempt from taxation:

. . . .

**D.** The property of any public municipal corporation of this State appropriated to public uses, if located within the corporate limits and confines of such public municipal corporation.

**E.** The pipes, fixtures, hydrants, conduits, gatehouses, pumping stations, reservoirs and dams, used only for reservoir purposes, of public municipal corporations engaged in supplying water, power or light, if located outside of the limits of such public municipal corporation.

36 M.R.S.A. § 651(1)(D)–(E). As a public municipal corporation, the Water District ordinarily would qualify for both of these exemptions. Section 15 of the Water District's charter, however, provides that "[t]he property of the district shall not be exempt from all taxation in the City of Eastport and the Town of Perry or in any other city or town where any part of its plant may be located."

[¶ 7] The Water District argues that section 15 of its charter does not preclude it from enjoying the exemption set forth in section 651(1)(E) of Title 36 because the plain meaning of " 'shall not be exempt from all taxation' " is that it "may be exempt from some taxation." Assuming arguendo that the Water District is exempt from some taxation,[1] we cannot conclude that the Water

---

1. There appears to be no dispute that the Water

District is entitled to, and receives, the exemp-

District is exempt from taxation by the municipal defendants without rendering section 15 of its charter surplusage. If the Legislature had intended the exemption set forth in section 651(1)(E) of Title 36 to apply to the Water District, it need not have included section 15 in the Water District's charter. To give effect to section 15, we must conclude that it excepts the Water District from a tax exemption to which it is otherwise entitled.

### III.

[¶ 8] The Superior Court determined that the Water District, "a public body, created by the Legislature, lacks standing to challenge, on equal protection like grounds, the enabling legislation which created it...." This conclusion was erroneous. Pursuant to the Uniform Declaratory Judgments Act, "[a]ny person ... whose rights ... are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights ... thereunder." 14 M.R.S.A. § 5954 (1980). We require a party to assert "a claim of right, buttressed by a sufficiently substantial interest to warrant judicial intervention," to maintain a declaratory judgment action. *Annable v. Board of Envtl. Protection,* 507 A.2d 592, 595 (Me.1986) (quotations and citations omitted). If a party asserts a "disagreement over an official interpretation of a statute" that involves "presently existing and specific facts, as opposed to hypothetical or uncertain facts," that party has standing. *Id.*

[¶ 9] In this case, the Water District challenges the validity of a provision of its enabling legislation. *See id.,* 507 A.2d at 595. The Water District contends that the municipal defendants' taxation of property devoted to public uses that, but for section 15 of its charter, would be tax-exempt violates its

rights pursuant to article IX, section 8 of the Maine Constitution.[2] We conclude that the Water District has standing to seek a judgment declaring that the municipal defendants' taxation of its property is unconstitutional. *Cf. Town of Acton v. McGary,* 356 A.2d 700, 706 n. 10 (Me.1976) (suggesting that municipal plaintiffs would have standing to challenge imposition of taxes "upon property owned by the municipalities and not devoted to public uses, thus to be outside the exemption from taxation established by 36 M.R.S.A. § 651").

### IV.

[¶ 10] We reject, however, the Water District's argument that section 15 of its charter violates article IX, section 8 of the Maine Constitution.[3] " 'Legislative enactments are presumed constitutional, and the party challenging a statute's constitutionality bears the burden of proof to the contrary.' " *McBreairty v. Commissioner of Admin. and Fin. Serv.,* 663 A.2d 50, 52 (Me.1995) (quoting *American Republic Ins. Co. v. Superintendent of Ins.,* 647 A.2d 1195, 1197 (Me. 1994)). The party asserting a statute's unconstitutionality must demonstrate a constitutional infirmity "by strong and convincing reasons." *Id.* (quotations and citations omitted). The Water District has not carried its burden.

[¶ 11] Article IX, section 8 states in relevant part: "[a]ll taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof." Me. Const. art IX, § 8. We have interpreted this clause to require "that property taxes assessed by the State 'be assessed on all of the property in the State on an equal basis.' " *McBreairty,* 663 A.2d at 54 (quoting *Opinion of the Justices,* 146 Me. 239, 248, 80 A.2d 421,

---

tion set forth in section 651(1)(D) of Title 36.

2. "All taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof." Me. Const. art IX, § 8.

3. The municipal defendants urge us to find that the Water District is estopped from challenging the constitutionality of its charter. We decline to

do so on these specific facts. We previously have expressed support for "the modern trend urging courts to be circumspect in applying the estoppel principle." *See Begin v. Town of Sabattus,* 409 A.2d 1269, 1274 (Me.1979). A balance of the equities in this case militates against denying the Water District an opportunity to assert its constitutional rights.

425 (1951)). During assessment, "the only criterion to be applied[ ] is the 'just value' of the land wherever situated. The only permissible variation of the amount of the tax is that resulting from the difference in value." *Maine Consol. Power Co. v. Town of Farmington*, 219 A.2d 748, 750 (Me.1966) (quotations and citations omitted).

[¶ 12] In *City of Portland v. Portland Water Co.*, 67 Me. 135, 136 (1877), a water company's legislative charter contained a provision that the city could " 'by vote, exempt any property of said corporation, not now in existence, from taxation for the term of six years.' " Although the city voted in 1870 to confer a tax exemption on the company for five years, in 1874 the city assessed a tax upon the company's property. *See id.* The city then sued to collect the tax, contending that the Legislature was not empowered to include the exemption provision in the company's charter. *See id.* We rejected the city's argument, stating:

> The view taken by the plaintiffs is, we think, an imperfect interpretation of the constitutional clause quoted. The requirement is, not that all real estate shall be assessed, but that whatever is assessed shall be apportioned and assessed equally. The plaintiffs argue that a law which exempts water works in Portland from taxation, operates unequally, if it does not at the same time exempt all water works in the state from taxation.... *We are not satisfied that the legislature cannot, by charter or contract, in any case and under any circumstances, for sufficient considerations, release one corporation from taxation, merely because it does not include in its exclusion from taxation all similar corporations in the state.*

*Id.* at 136–37 (emphasis added).

[¶ 13] The Water District has not argued that the taxes imposed on its property by the municipal defendants fail to reflect the "just value" of that property, nor is it arguing that an improper tax rate was applied. Rather, the Water District challenges the validity of section 15 of its charter solely because that section denies it a tax exemption, enjoyed by other water districts, to which it is otherwise entitled. Our decision

in *Portland Water Company* rejected a contention that the Legislature cannot constitutionally confer a tax exemption on one water company if other water companies in the state are not similarly exempt. *See id.* at 136–37. Conversely, we now conclude that the Legislature does not violate section 8 of article IX by excepting one water district from a tax exemption that other water districts enjoy.

The entry is:

Judgment affirmed.

