STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-103

KITTERY RETAIL VENTURES, LLC,
DSS LAND HOLDINGS, LLC, and
STEPHEN A. HYNES,

Plaintiffs

v.

TOWN OF KITTERY,

Defendant

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

APR 17 2002

Kittery Retail Ventures, LLC has an option agreement to purchase land in the Kittery Mixed Use District near Route 1. It has proposed to develop a large retail outlet mall of some 250,000 square feet. That proposal has, not surprisingly, been controversial. A detailed history of the proposed project, the proceedings before the Kittery Planning Board and the changes in municipal ordinances is not currently necessary.

In brief, in 1999 representatives of the developer met with town officials to present a preliminary proposal. That was followed by a series of meetings and other proceedings with the Planning Board from April of 2000 through July of 2000.

On June 13, 2000 the Town enacted a referendum changing relevant zoning requirements in the Mixed Use District. Those changes, which had no retroactive provisions, became effective 30 days later pursuant to the provisions of the Kittery Town Charter. On September 28, 2000 the Town approved a second referendum making the June 13, 2000 provisions retroactive to September 20, 1999. The

plaintiffs, who include the land owners, have filed a three count complaint against the Town. The first count seeks review of the September 28, 2000 referendum pursuant to the procedures found at Rule 80B, M.R.Civ.P. Count II seeks a declaratory judgment that the same referendum is unconstitutional and Count III seeks an injunction prohibiting enforcement of the referendum. An agreed to procedural order was signed on January 29, 2001 establishing how the various counts would proceed.

To date the Planning Board has never granted or denied Kittery Retail Ventures any requested permit. It was assumed that the Board would find that either or both of the referenda are valid and apply to this proposal and that such a decision would result in the denial of approval for the project as proposed. It was then assumed that the developer would abandon its project rather than proceed with a substantially smaller project.

The first issue is whether this case is ready to be decided or whether the Planning Board needs to make a decision first. After reviewing several decisions from the Maine Supreme Judicial Court, particularly *Rockland Plaza Realty v. City of Rockland*, 2001 ME 81, 772 A.2d 256, I have concluded, that since the Kittery Planning Board has not made a decision, that the Superior Court has nothing to review.

*Rockland Plaza* at ¶6, in a case permitting review, noted that, "Generally, final action by an administrative body is required before a party can appeal that action." The Rockland decision is based in part on some unique provisions of the

Rockland Zoning Ordinance and the relationship of two different Rockland municipal bodies, the Planning Commission and the Zoning Board of Appeals. More importantly *Rockland Plaza*, at ¶6 on page 259, stated that all substantive decisions had already been made and all that needed to be done was ". . . the ministerial act of issuing an order of final approval of the plan."

In our case the applicant may or may not have met all of the other requirements needed for approval putting aside the two referenda. The Planning Board might decide that these referenda, despite their popular support and presumably well intentioned proponents, cannot legally block the proposed outlet mall. There exist serious concerns whether the proposal had advanced sufficiently so that neither referenda, for different reasons, can effect it. It should not be assumed that, on further reflection, the Board, even though the Town has presumably asked its attorneys to attempt to defend the ordinances, will automatically find them to be valid or applicable.

A reading of the dissenting opinion in *Rockland Plaza* also raises significant issues whether an opinion at this time would be an advisory opinion that cannot be given by the Superior Court. The dissent in *Plaza Realty* has succinctly stated the opinion that I have also reached, see ¶28, "Plaza Realty may not have liked the drift of the preliminary determinations in the Planning Commission's review, but the drift of those determinations is not ripe for our review."

To the extent that *Annable v. Board of Environmental Protection*, 507 A.2d 592, 5 (Me. 1986) is valid in the context of this Kittery dispute there is no "official

interpretation" of an ordinance yet. It does not conclusively appear from the record that the Planning Board has finally decided what it will do, regardless of what the Town Planner may believe or what attorneys for the Town may have argued. It is better for the Superior Court to decline to exercise its jurisdiction under the declaratory judgment act at this time. *See* 14 M.R.S.A. §§5951-et seq.

The entry is:

Complaint dismissed without prejudice.

Dated:       April 4, 2002

Paul A. Fritzsche
Justice, Superior Court

(PL)
DURWARD W. PARKINSON, ESQ. - (KITTERY RETAIL
                                VENTURES LLC )
U. CHARLES REMMEL, ESQ. - PL (DDS LAND HOLDINGS LLC)
HAROLD FRIEDMAN, ESQ. - PL (STEPHEN A. HYNES)
WILLIAM H. DALE, ESQ. - DEF
DUNCAN A. MCEACHERN, ESQ. _ DEF

4