STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        Docket No. AP-07-47
                                        *N/M - KEN- 1/27/2007*

LISA T. PTAK,

            Appellant

v.                                      DECISION AND ORDER

STATE OF MAINE and BUREAU               DONALD L. GARBRECHT
OF MAINE REVENUE SERVICES,              LAW LIBRARY

            Appellees                   JAN 2 4 2008


On July 3, 2007 appellant requested that Maine Revenue Services (MRS), pursuant to Maine's Freedom of Access Act (FOAA), disclose two types of documents related to calendar year 2007. (Joint Stip. ¶ 3; Ex. 1); 1 M.R.S.A. § 401, et seq. Appellant requested disclosure of (1) all annual, detailed computerized audit plans for calendar year 2007 prepared by individual revenue agents at the request of management (Audit Plans); and (2) all calendar year 2007 audit notification letters sent by revenue agents (Audit Letters). (Joint Stip. ¶ 3.)[1]

Audit Letters document MRS's decisions to commence an audit of a taxpayer, which almost always occurs after MRS has "received, reviewed and/or discussed various information related to a taxpayer, including state and federal tax returns, and/or other information provided to MRS pursuant to Title 36." (Joint Stip. ¶ 10.) Audit letters reveal "the name and address of the taxpayer subject to impending Audit, who will perform the Audit, the type of taxes covered by the Audit, and the period under the Audit. Audit Letters "may also indicate when the Audit will occur, or

---

[1] No Audit Plans were requested by MRS management or prepared by MRS field auditors or any other MRS employees in 2007. The appellant no longer seeks Audit Plans. (Joint Stip. ¶ 8.)

possibly include sales tax registration numbers and/or employee identification numbers ("EINs") depending on the type of Audit at issue." Id.

MRS denied the requests by letter on July 10, 2007 and determined that the requested documents are confidential according to the Confidentiality of Tax Records Law and may not be disclosed under FOAA. See 36 M.R.S.A. § 191; (Joint Stip. ¶ 7; Ex. 2.) The parties filed a stipulated record.

This appeal is brought pursuant to 1 M.R.S.A. § 409, which provides:

If any body or agency or official, who has custody or control of any public record, shall refuse permission to so inspect or copy or abstract a public record, this denial shall be made by the body or agency or official in writing, stating the reason for the denial, within 5 working days of the request for inspection by any person. Any person aggrieved by denial may appeal therefrom, within 5 working days of the receipt of the written notice denial, to any Superior Court within the State. If a court, after a trial de novo, determines such denial was not for just and proper cause, it shall enter an order for disclosure. Appeals shall be privileged in respect to their assignment for trial over all other actions except writs of habeas corpus and actions brought by the State against individuals.

The burden to establish "just and proper cause" for its denial of the FOAA disclosure request is on MRS. Town of Burlington v. Hosp. Admin. Dist. No. 1, 2001 ME 59, ¶ 13, 769 A.2d 857, 861.

The audit letters fit the general definition of "public records" in 1 M.R.S.A. § 402(3). Section 402(3)(A) exempts "Records that have been designated confidential by statute." The issue is whether 36 M.R.S.A. § 191(1) exempts the audit letters from the definition as "public records" for purposes of FOAA. Section 191 provides:

It is unlawful for any public official or any employee or agent of the bureau to inspect willfully any return or examine information contained on any return, for any purpose other than the conduct of official duties. Except as otherwise provided by law, it is unlawful for any person who, pursuant to this Title, has been permitted to receive or view any portion of the original or a copy of any report, return or other information provided pursuant to this Title to divulge or make known in any manner any information set forth in any of those documents or obtained from examination or inspection under this Title of the premises or property of

2

any taxpayer. This prohibition applies to both state tax information and federal tax information filed as part of a state tax return.

Section 191 includes a series of specific exemptions from this prohibition. 36 M.R.S.A. § 191(2). Violation of section 191 is a class E crime. 36 M.R.S.A. § 191(4).

This court reviews *de novo* "[t]he interpretation of FOAA's requirements and exemptions." Citizen's Communications Co. v. Dep't of the Attorney General, 2007 ME 114, ¶ 9, 931 A.2d 503, 505. FOAA is to be liberally construed to allow free and open inspection of public documents by the public. 1 M.R.S.A. § 401. The "corollary to such liberal construction of the Act is necessarily a strict construction of any exceptions to the required public disclosure." Moffett v. Portland, 400 A.2d 340, 348 (Me. 1979).

The appellant argues that the word "provided" means to "supply or make available"[2] and the "report, return or other information" should be read to include only that information that is supplied or made available *to* MRS *from* the taxpayer.[3] Because the Audit Letter itself is not provided *to* MRS *from* the taxpayer in their return, she argues that the Audit Letter should be disclosed. This interpretation fails to recognize §191's focus on "information" rather than the document itself.

Additionally, she argues that this court should apply the principle of *ejusdem generis*, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." New Orleans Tanker v. Department of

---

[2] MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1101 (11th ed. 2004).

[3] The appellant relies on two cases from other jurisdictions, which can be distinguished. A Connecticut court permitted the disclosure of sales tax delinquent lists because a statute prohibiting the disclosure of "income, profits, losses or expenditures set forth in any return" did not apply to "the existence and extent of any tax delinquency..." State of Connecticut v. Freedom of Information Commission, 441 A.2d 53, 55 (Conn. 1981). The Connecticut statute did not preclude disclosure of names in the list because it did not prohibit disclosure of "any information" in the returns, unlike 36 M.R.S.A. § 191(1). Id.

In a Texas case, the information sought was parallel to that involved in this case. A & T Consultants, Inc. v. Sharp, 904 S.W.2d 668, 678 (Tex. 1995). The Texas Comptroller did not, however, argue that names and addresses and other identifying information were confidential. Id. at 676.

Transportation, 1999 ME 67, ¶ 7, 728 A.2d 673, 675 (quotation omitted). Thus, she argues that "'other information' in Section 191(1) refers to other documents similar to tax returns and tax reports provided to MRS pursuant to Title 36." (Appellant Br. at 6.)

When a statute is unambiguous, it is interpreted according to its plain language. Cobb v. Board of Counseling Professionals Licensure, 2006 ME 48, ¶ 13, 896 A.2d 271, 275. The plain language of section 191(1) makes clear that all taxpayer-related information is confidential. The broad prohibition in section 191(1) applies to "<u>any</u> person who, pursuant to this Title, has been permitted to receive or view <u>any</u> portion of the original or a copy of any report, return or <u>other information</u> provided pursuant to this Title..." 36 M.R.S.A. § 191(1) (emphasis added); <u>see</u> 36 M.R.S.A. § 112.

The information sought is not specifically exempted from the prohibition. 36 M.R.S.A. § 191(2); <u>see</u> <u>Musk v. Nelson</u>, 647 A.2d 1198, 1201-02 (Me. 1994); <u>see also</u> <u>Darling's v. Ford Motor Co.</u>, 2003 ME 21, ¶ 7, 825 A.2d 344, 346 (interpretation of statute requires examination of plain meaning of language and consideration of language in context of whole statutory scheme). The precise wording of the exemptions and the entities that may receive information support the conclusion that Audit Letters are not public records. 36 M.R.S.A. § 191(2)

MRS's interpretation of section 191 is also supported by the legislative history. (Appellees' Br., Ex. B.) That history incorporates federal requirements for confidentiality for federal returns and federal return information. <u>Id.</u>; 26 U.S.C.S. § 6013(b)(1) & (2).

The entry is

Audit Letters have been designated confidential by 36 M.R.S.A. § 191(1), are not public records, and may not be disclosed to the Appellant.

Date: November 27, 2007

Nancy Mills
Justice, Superior Court

4

Date Filed __7/18/07__          __Kennebec__          Docket No. __AP07-47__

County

Action __Appeal from Denial of Access__

__Lisa L. Ptak__          VS.          __State of Maine & Bureau of Revenue Service.__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Sigmund D. Schutz, Esq.<br>Jonathan S. Piper, Esq.<br>One City Center<br>P.O. Box 9546<br>Portland, Maine  04112-9546 | Scott W. Boak, AAG<br>6 State House Station<br>Augusta Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 7/18/07 | Complaint/Appeal from Unlawful Denial of Access to Public Records Under the Freedom of Access Act, filed. s/Schutz, Esq.<br>Motion for Scheduling Order on Appeal from Denial of Access to Public Records, filed. s/Schutz, Esq.<br>Proposed Scheduling Order, filed.<br>Request for Hearing, filed. s/Schutz, Esq. |
| 8/6/07 | Letter entering appearance, ifled. s/Boak, AAG<br>Service made by certified mail on 7/30/07 upon Maine Revenue Services<br>Service made by certified mail on 7/30/07 upon Atty. General<br><br>Letter requesting a telephonic conference, filed. s/Schutz, Esq.<br>Proposed Order, filed. |
| 8/8/07 | Copy of letter from Atty. Schutz to counsel concerning Motion For Scheduling Order. s/Schutz, Esq.  Filed 8/3/07. |
| 8/9/07 | Letter entering appearance, filed. s/Boak, AAG  (8/3/07) |
| 8/13/07 | Letter opposing proposed Scheduling Order, filed 8/6/07.  s/Boak, AAG |
| 8/14/07 | 8/9/2007: Scheduling Order parties shall submit to the court a stipulated record not later than Wednesday August 24,2007.s/ Judge Studstrip<br>Copies mailed to all parties |
| 8/15/07 | Letter requesting telephonic scheduling conference, proposed Scheduling Order, filed.  s/Schutz, Esq. |
| 8/17/07 | Letter objecting to Petitioner's second revised Scheduling Order, filed 8/16/07.  s/Boak, AAG |
| 8/22/07 | 8/20/07 Hearing/Confernecer Record Held by telephone Status Conference Court findng or rulings: The entry will be Counsel will attempt further efforts to develope a stipulated record for appeal purposes. Evidentiary hearing does not appear to be necessary s/ Studstrup |
| 8/22/07 | Copies mailed to parties |

| Date of Entry | Docket No. _____ |
|---|---|
| 8/24/07 | Proposed Order, filed. |
| 8/28/07 | 8/27/07: ORDER: The deadline contained n paragraph 4 of the court's Scheduling Order dated August 9, 2007,which relates t the filing of a stipulated record by the parties, is extended up through and including August 31,2007: and All other protion of the Scheduling Order remain in effect. s/Studstrup |
| 8/28/07 | Copies mailed to parties |
| 9/7/07 | Joint Stipulations, filed. s/Schutz, Esq. s/Boak, AAG Exhibits 1-3, filed. |
| 9/19/07 | 9/18/07: Plaintiff/Appellant Lisa L Ptak's Brief in Support ofrequest for Public Record filed by S. Schutz Esq. |
| 10/2/07 | 10/1/07: Brief of Defendants-AppelleesState of Maine and Bureau of Revenue Services filed by S.Boak AAG |
| 10/10/07 | 10/9/07: Appellant Lisa L Ptak's Reply in Support of Request for Public Records and Requesting an expedited hearing and decision pursuant to 1 M.R.S.A 409(1). filed by Sigmund Schutz |
| 10/23/07 | Letter requesting an expedited hearing, filed. s/Schutz, Esq. |
| 11/27/07 | DECISION AND ORDER, Mills, J. Audit Letters have been designated confidential by 36 M.R.S.A. §191(1), are not public records, and may not be disclosed to the Appellant. Copy mailed to attorneys of record. Copy mailed to Firestone, Goss, and Garbrecht Library. |