STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
LOCATION: Portland
DOCKET NO. BCD-CIV-2022-00030

CYNTHIA and STEPHEN LAWSON,      )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     **JUDGMENT GRANTING IN**
                                 )     **PART AND DENYING IN PART**
TOWN OF TREMONT,                 )     **PLAINTIFFS' FOAA APPEAL**
                                 )
          Defendant.             )

Cynthia and Stephen Lawson (hereinafter together the "Lawsons") have brought a Complaint against the Town of Tremont (the "Town") pursuant to the Freedom of Access Act ("FOAA"), 1 M.R.S. §§ 400-414, appealing the Town's decision not to release certain documents. *See* 1 M.R.S. § 409. The Lawsons also seek attorney fees. As the appeal comes before the Court, the parties have narrowed the dispute to a small number of emails with attachments. The disputed documents have been submitted to the Court for *in camera* review.[1] The Town has provided the Lawsons with copies of all the other documents they requested. For the reasons discussed below, the Court determines that the Town must release to the Lawsons several of the documents submitted to the Court for *in camera* inspection.

DISCUSSION

As submitted to the Court, the Town divides the documents into two categories. Category A consists of emails and attachments the Town maintains are exempt from disclosure under 1

---

[1] Upon completing the *in camera* review, the Court determined that taking testimony or evidence is unnecessary. *See* 1 M.R.S. § 409(1).

1

M.R.S. § 402(3)(B), because the documents are shielded by the attorney-client privilege.[2] *See* M.R. Evid. 502. Category B consists of emails and attachments the Town contends are also exempt from disclosure under 1 M.R.S. § 402(3)(B), because the documents reflect confidential settlement discussions. *See* M.R. Evid. 408. The Court starts its analysis with the Category B documents.

Section 402(3)(B) of the FOAA excepts from the definition of public records, "[r]ecords that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." 1 M.R.S. § 402(3)(B). The Town argues that the plain language thus exempts records that are either protected (i) from discovery by privilege, or (ii) from use at trial. Here, the Town asserts that the Category B documents are inadmissible as evidence at trial pursuant to M.R. Evid. 408, pertaining to offers in compromise, and are thus exempted from disclosure under the FOAA.

The Town misreads Section 402(3)(B). The only records exempted from disclosure under Section 402(3)(B) are records that are within the scope of a privilege, regardless of whether the privilege could be invoked to shield the documents from discovery or use at trial. M.R. Evid. 408 is not a privilege, but rather a rule pertaining to relevancy. *Compare* M.R. Evid. Article IV, Relevance and its Limits *with* M.R. Evid. Article V, Privileges; *see also State v. Tracy,* 2010 ME 27, ¶ 18, 991 A.2d 821; *Citizens Communs. Co. v. Dep't of the AG*, 2007 ME 114, ¶¶ 9-14, 931 A.2d 503; *Guy Gannett Pub. Co. v. Univ. of Me.*, 555 A.2d 470, 472-473 (Me. 1989). The Town's attempt to read into Section 402(3)(B) a broad carveout for records that might be inadmissible for use as evidence at trial due to relevance, hearsay, authentication, and other non-privilege

---

[2] It was unclear from the Town's Statement of Position whether the Town was advancing an argument based on M.R. Evid. 502, the attorney-client privilege, or limiting its argument to M.R. Evid. 408, offer in compromise. In any event the Court detects no waiver, and so considers both arguments.

objections finds no support in precedent or the language, grammar, or structure of Section 402(3)(B).[3] Indeed, reading Section 402(3)(B) to cloak so broad a category of documents would essentially eviscerate the FOAA. The Law Court has unambiguously determined that public bodies cannot employ M.R. Evid. 408 to withhold documents from disclosure pursuant to the FOAA. *Guy Gannett*, 555 A.2d at 472-473. Accordingly, the Town must promptly make all Category B documents available to the Lawsons for inspection and copying. 1 M.R.S. § 408-A.

The analysis with regard to the Category A documents is different. The Town contends the documents are protected by the attorney-client privilege, M.R. Evid. 502, and documents within the attorney-client privilege are clearly excepted from disclosure pursuant to 1 M.R.S. § 402(3)(B). The question is whether the Category A documents come within the privilege. The answer is some do and some don't.

The first of the Category A documents is a brief email exchange beginning Wednesday, April 6, 2022 at 2:06 and ending on Monday, April 11, 2022 at 10:04. The email chain has two documents attached to it. The brief email exchange occurs between the Town Manager and the Town's attorney, but all the email chain does is forward to the Town Manager an email and two documents prepared by a third party's lawyer. The email exchange does not transmit any legal advice. *See Mass. Water Res. Auth. v. Dewberry Eng'rs, Inc.,* Nos. 145930, 1884CV01156-BLS1, 2021 Mass. Super. LEXIS 38, at *14 (Feb. 25, 2021)(merely forwarding non-privileged information does not constitute the giving or obtaining of legal advice). Taken together the email chain and attachments comprise ten pages. The email and documents supplied by the third party's lawyer are not confidential communications *of the Town* within the meaning of M.R. Evid.

---

[3] And in any event, M.R. Evid. 408 does not always prevent use of settlement evidence at trial, especially when a third party is involved. *See Maine Shipyard & Marine Ry. v. Lilley*, 2000 ME 9, ¶ 22, 743 A.2d 1264.

502(a)(5). Accordingly, the Town must promptly make the first ten pages of Category A documents available to the Lawsons for inspection and copying.

The remaining Category A documents fit within the attorney-client privilege. These documents consist of emails dated April 11, 2022 and April 28, 2022, each with attachments. These documents are excepted from the definition of public record by operation of Section 402(3)(B). The Town is not required to make these document available for inspection or copying.

Pursuant to 1 M.R.S. § 409, the Court can award reasonable attorney fees to a substantially prevailing plaintiff, if the Court determines that the refusal to disclose public records was committed in bad faith. The Lawsons have substantially prevailed in this litigation, because the Court has ordered the release of all Category B documents, and some of the Category A documents. However, the Court discerns no bad faith on the part of the Town. From the outset, the Town provided the Lawsons with access to some documents, and then provided access to additional documents as the parties worked to narrow the documents in dispute. The Town then clearly identified the documents it maintained were not public records, which allowed the Lawsons to file a precisely targeted appeal. After a status conference, the Town promptly forwarded the subject documents to the Court for *in camera* inspection. And while the Court has determined that the Lawsons must be provided access to most of the documents, the Court has also determined that some of the documents need not be disclosed pursuant to the FOAA. Since this course of conduct does not amount to bad faith, the Court declines to award attorney fees to the Lawsons.

Accordingly, as described above, judgment is granted in part and denied in part to the Lawsons.

SO ORDERED.

The Clerk is instructed to enter this Judgment on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

Date: July 8, 2022

_____
Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket: 07/11/2022