STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-REA-2023-00007

MONTAGU REID HANKIN and
BONDIE HANKIN,

              Plaintiffs,

v.

SARAH B. SEWALL and
THOMAS P. CONROY,

              Defendants,

    And

GUN CLUB, INC., et al.

              Parties-in-Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL

## BACKGROUND

Before the court is a Motion to Compel filed by Defendants Sarah B. Sewall and Thomas

P. Conroy (the "Defendants") against Party-in-Interest Gun Club, Inc.[1]   Defendants request an

order from this court compelling Gun Club, Inc.'s production of (1) documents exchanged among

the Club's three members about their litigation planning and strategy, including documents that

memorialize the members' communications with one another, and (2) documents exchanged

among Gun Club, Inc. and other parties to a common defense or common interest agreement

regarding their joint litigation strategy.  For the reasons discussed below, the motion is DENIED

with respect to the documents exchanged among the members of Gun Club, Inc. that discuss its

litigation strategy.  The motion is GRANTED with respect to documents exchanged among Gun

---

[1] The motion is supported by Party-in-Interest/Crossclaim Defendant Sallie Lane Sewall Comey.

1

Club, Inc. members and the other parties that do not involve attorney communications. It is DENIED insofar as it requests production of any documents including attorney communications that were exchanged among the parties to the common interest.

## DISCUSSION

Defendants served Gun Club, Inc. with a request for the documents on December 23, 2022. Gun Club, Inc.'s responses (initial response of February 6, 2023; amended response of April 12, 2023). The Gun Club, Inc. objected to producing documents shared amongst its three members and documents shared with parties with a common interest. The burden of establishing the existence of privilege is on the party objecting to discovery. *Pierce v. Grove Mfg. Co.*, 576 A.2d 196, 199 (Me. 1990).

### I.     Gun Club, Inc.'s members' communications with one another.

Gun Club, Inc. makes two arguments in opposition to Defendants' Motion to Compel concerning production of communications among its members concerning the present lawsuit. First, Gun Club, Inc. claims the requested emails are shielded from production by the work-product doctrine. Second, it claims the emails are privileged pursuant to Maine Rule of Evidence 502(b)(4).

Under the work product doctrine, "[a] party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." M.R. Civ. P. 26(g)(3). The doctrine encompasses emails "created because of the party's subjective anticipation of litigation. *Dubois*

2

*v. Office of the AG*, 2018 ME 67, ¶¶ 18, 25, 185 A.3d 734. Gun Club, Inc. asserts its members' emails were created for this purpose.

Defendants argue that Gun Club, Inc. cannot rely on the work product doctrine because it did not specifically object to production of the requested emails in its responses to Defendants' requests for production, and the objection was thusly waived. *See Battryn v. Indian Oil Co.*, 472 .2d 937, 941 (Me. 1984) (citations omitted); *see also* M.R. Civ. P. 33, 34. Indeed, as with other qualified privileges, the work product privilege may be waived. *Warren v. Preti*, No. BCD-CV-11-28, 2012 Me. Super. LEXIS 17, at *4 (Jan. 4, 2012) (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975)).

Here, however, Gun Club, Inc.'s responses to Defendants' requests for production include two general objections. The second general objection, stated in Gun Club, Inc.'s initial response of February 2023, provides, in relevant part, that "[Gun Club, Inc.] objects to any request for the production of documents ... which constitutes or contains information concerning communications ... protected from disclosure by the attorney-client privilege or work/product doctrine." Defendants cited no authority for the proposition that such an objection cannot be generally stated. The court concludes that the emails among Gun Club, Inc.'s members that were prepared and transmitted in anticipation of litigation may be protected under the work product doctrine.

The court also agrees with Gun Club, Inc. that Rule 502(b)(4) extends a privilege to "confidential communications" among Gun Club, Inc.'s members. "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of any confidential communication: ... (4) Between the client's representatives, or between the client and his or her representative." M.R. Evid. 502(b)(4). A "representative of the client" is a person who has

3

authority on behalf of the client to obtain professional legal services, or to act on advice rendered as part of professional legal services. M.R. Evid. 502(a)(2). In this case, the three members would be the individuals retaining and directing an attorney. "Confidential communications" are communications made to facilitate the provision of legal services to the client, and which are not intended to be disclosed to any third party other than those to whom the client revealed the information in the process of obtaining professional legal services. M.R. Evid. 502(a)(5). It is fundamental that members of a closely held corporation owning land, like the members of Gun Club, Inc., can communicate freely about matters involving the litigation without risk of compelled disclosure of those communications.

The purpose of Rule 26(b)(3) and 502(b)(4) is to allow free internal communication regarding litigation not to be shared with the other side. The court reads the Rules to protect correspondence amongst three members of a closely held corporation who are sharing information in the defense of litigation against them.

Gun Club, Inc. must, however, provide the date when its members first anticipated litigation in this matter and only withhold communications only exchanged between the members or the between the members and counsel.

## II. Communications among the parties with a common interest.

Plaintiff seeks communications amongst different parties to the lawsuit. Gun Club, Inc. objected, asserting entitlement to the common defense, or common interest, privilege.[2] Gun Club, Inc. claims that the privilege emerges from the execution of a common defense or common interest agreement. "The common interest component of the [attorney-client] privilege prevents clients

---

[2] "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of any confidential communication: ... (3) By the client, the client's representative, the client's lawyer, ... to a lawyer representing another party in that pending action concerning a matter of common interest in a pending action." M.R. Evid. 502(b)(3).

from waiving the attorney-client privilege when attorney-client communications are shared with a third person who has a common legal interest with respect to the communications, such as a co-defendant." *Citizens Commc'n Co. v. Dep't of the AG*, 2007 ME 114, ¶ 16, 931 A.2d 503.

Since *Citizens Communications Company* was decided by the Law Court, the BCD has twice considered the "common interest privilege". In *Irving Oil v. Ace Ina Ins.*, No. BCD-CV-09-35, 2015 Me. Bus. & Consumer LEXIS 4, at *12-16 & n.9 (Mar. 17, 2015), the court noted that "a plain reading of M.R. Evid. 502(b)(3) reveals that the [common interest] doctrine only protects common interest communication in two relatively narrow circumstances: first, when a client or a representative of a client sends confidential information to a lawyer representing another party in a pending action concerning a matter of common interest therein; and second, when a lawyer for a client sends confidential information to a lawyer representing another party in a pending action concerning a matter of common interest therein". The decision in *Kohl's Dep't Stores v. Liberty Mut. Ins. Co.*, No. BCD-CV-12-13, 2012 Me. Bus. & Consumer LEXIS 44, at *7-19 (Oct. 11, 2012) does not apply here. *Kohl's* involved whether an insurer, which provided a defense to its insured, and its insured have a common interest in litigation, notwithstanding that the insurer was not a party to the litigation.

The court agrees with the construction of Rule 502(b)(3) in *Irving Oil*. A plain reading of Rule 502(b)(3) makes clear that the common interest component of the attorney-client privilege is available to protect a communication from disclosure when: (1) the communication would otherwise be entitled to attorney-client privilege, (2) it is shared by the client, their representative or lawyer, with a lawyer representing another party in the pending action, and (3) it concerns a matter of common interest. The common interest doctrine, as codified by Rule 502(b)(3), does not

5

extend protections flowing from attorney-client privilege to communications shared amongst the parties themselves that do not either involve attorneys or disclose privileged communication.

Here, numerous parties to the present litigation may share an interest in the access to and over Navy Road in the Town of Phippsburg. The Gun Club mentions a joint defense agreement but does not suggest how the joint defense agreement should change the court's analysis.

The parties' communications amongst themselves are discoverable unless: 1. The parties have a common interest and 2. The communications either include an attorney as a participant or disclose attorney client communications. If withholding documents, the Gun Club, Inc. must identify the parties with a common interest and certify that the documents contain information protected by the attorney client privilege.

## CONCLUSION

Based on the foregoing, the entry will be:

1. Defendants' Motion to Compel is DENIED with respect to communications and documents which were transmitted by and among the members of Gun Club, Inc. only.

2. With respect to any internal documents that it withholds, the Gun Club, Inc. must establish and identify to the other parties the date when it contemplated litigation.

3. Defendants' Motion to Compel is GRANTED with respect to communications and documents transmitted by and among any of the parties that do not involve attorney communications.

4. Defendants' Motion to Compel is DENIED with respect to any communications and documents transmitted by and among any parties with a common interest that include attorneys in the transmission or that disclose attorney client communications. Gun Club, Inc. must identify the parties with a common interest and certify that any documents withheld contain or disclose attorney communications.

So ordered. The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 7/3/2023

Thomas R. McKeon
Justice, Business & Consumer Court

6